## Shapiro *v.* Kamman.

1. Appeal and Error—Great Weight of Evidence—Weight of Evidence Not Determined by Number of Witnesses.

That the verdict is against the great weight of the evidence is not determined by the fact that the opposite party had the greater number of witnesses.[1]

2. Same—Work and Labor.

Where the issue as to whether plaintiff's services were to be paid for or were to be his contribution to a joint adventure was in flat contradiction and was submitted to the jury in a charge not open to criticism, the trial judge properly refused to set aside the verdict in favor of plaintiff as against the great weight of the evidence.[2]

Error to Wayne; Marschner (Adolph F.), J. Submitted April 9, 1926. (Docket No. 63.) Decided June 7, 1926.

Assumpsit by Sam Shapiro against William Kamman and others for services rendered. Judgment for plaintiff. Defendant brings error. Affirmed.

*Theron M. Hall,* for appellants.

*Behrendt & Behrendt* and *Milton A. Behrendt,* for appellee.

Clark, J. Plaintiff sued in assumpsit for compensation for weighing and salting a large number of hides. He testified that he was to be paid an agreed price per hide for the weighing and salting. Defendant had testimony that the weighing and salting were plaintiff's contribution to a joint adventure. This conflict in testimony was submitted to a jury in charge not open to criticism. Plaintiff had verdict and judg-

---

[1]Appeal and Error, 4 C. J. § 2877; [2]Trial, 29 Cyc. p. 830.

235—Mich.—22.

ment.    Defendants bring error, and say that the verdict is against the great weight of the evidence.

To aid in solving the flat contradiction in the testimony there are no circumstances worthy of note.    Defendant had the greater number of witnesses, but that does not determine the question.    We cannot say on this record that the trial judge was in error in holding that the verdict was not against the great weight of the evidence.

That a new trial should have been granted because the verdict is excessive and because of newly-discovered evidence is without merit and need not be discussed.

Judgment affirmed.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and McDONALD, JJ., concurred.